# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-00690-WJM-NYW

DAVID TRUJILLO, an individual,

Plaintiff

(s), v.

AURORA PUBLIC SCHOOLS;
AURORA PUBLIC SCHOOLS BOARD OF EDUCATION,

Defendant(s).

---

## FINAL PRETRIAL ORDER

---

## 1.  DATE AND APPEARANCES

The telephonic pretrial conference was held on April 25, 2022, at 9:30 a.m.  For

Plaintiff:  Michael Nolt, Kishinevsky & Raykin, 2851 S. Parker Rd., Suite 150, Aurora,

CO 80014. 720-748-8888.  Email: michael@coloradolawteam.com.  For Defendant:

Michael Schreiner and Travis Miller, Caplan and Earnest LLC, 3107 Iris Ave., Suite

100, Boulder, CO 80301.  303-443-8010.  Email: mschreiner@celaw.com;

tmiller@celaw.com

## 2.  JURISDICTION

Jurisdiction is invoked and is proper pursuant to 28 U.S.C. § 1331.

Plaintiff's claims arise under the laws of the United States.

## 3.  CLAIMS AND DEFENSES

**Plaintiff:**  Plaintiff's claims arise under the Age Discrimination in Employment

5

Act of 1967.  Plaintiff was a teacher who began working for Aurora Public Schools in 2011.  Plaintiff was born on June 27, 1973.  In January 2019, Plaintiff was working at North Middle School, a school within the District.  Plaintiff was informed that North Middle School was dropping its social studies department to create a hybrid department that also focused on literacy.  Plaintiff was told that he would need to be endorsed in both Social Studies and English Language Arts to teach in the new hybrid department, and since he was only endorsed in Social Studies he would not be retained.  Plaintiff informed the District that he was ready and able to take the Praxis examination to be endorsed in English Language Arts.  Despite this, Aurora Public Schools indicated that he would not be retained at North Middle School. Plaintiff's position was filled by a younger teacher.  Plaintiff was then placed in a one-year position at Aurora Hills Middle School for the 2019-2020 school year.  In March 2020, Plaintiff was informed that his one-year position would not be renewed. Accordingly, Plaintiff would no longer have any paid position with Aurora Public Schools following the end of the 2019-2020 school year.  Plaintiff began applying for positions within Aurora Public Schools for the 2020-2021 school year.  Plaintiff was unable to secure a job in Aurora Public Schools for the 2020-2021 school year prior to accepting a job in another district on a lower salary.

**Defendant:** The School District denies that it took any action regarding Plaintiff based on his age.  The School District adhered to its policies regarding "displacement" which are based on § 22-63-202, C.R.S.  Plaintiff, a nonprobationary teacher, was displaced from North Middle School when the School increased its emphasis on literacy and required its Social Studies teachers to also be endorsed in

English Language Arts ("ELA")[1].  As part of the consolidation, the Social Studies department was also reduced from six teachers to three teachers.  Plaintiff and one other teacher were displaced. The School District hired two new teachers, a 34-year old and a 40-year old who had both passed the test required to obtain an endorsement in ELA.  Plaintiff elected to not take the exam required to obtain the ELA endorsement.  As a result of the displacement, Plaintiff was placed in a priority hiring pool and had the first opportunity to interview for positions for which he was qualified.  Plaintiff interviewed for a number of positions but was not selected.  As a result, Plaintiff was placed in a one-year position at Aurora Hills Middle School. When the term of that position expired Plaintiff continued to seek employment within the School District.  Plaintiff was offered a position in September, 2020 for the 2020-21 school year which he initially accepted but subsequently declined to accept, claiming he had to "think of his family."

### 4.  STIPULATIONS

1.  Mr. Trujillo was born on June 27, 1973 and is currently 48 years old.  In January 2019, he would have been 45 years old.

2.  Mr. Trujillo began working for the School District in 2011.  In 2016, he transferred to North Middle School ("North"), where he taught 6th grade social studies.

3.  Mr. Trujillo was not and is not endorsed in ELA.

---

[1] An endorsement in various subject areas is offered by the Colorado Department of Education to indicate that the teacher possessing such endorsement is qualified to teach in that particular subject area.

## 5.  PENDING MOTIONS

Pending before the Court is Defendant's Motion for Summary Judgment filed on February 23, 2022 (ECF No. 36).  Plaintiff's Response was filed on February 24, 2022 (ECF No. 37).  Defendant's Reply was filed on March 9, 2022 (ECF No. 38).

## 6.  WITNESSES

a.      List the nonexpert witnesses to be called by each party.  List separately:

**<u>PLAINTIFF:</u>**

(1)      witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

- Plaintiff David Trujillo.  Plaintiff David Trujillo is expected to testify in person.  He is expected to testify to all aspects of his claims, including his employment at Aurora Public Schools, the circumstances of the end of his employment with Aurora Public Schools, his attempts to secure a position within and without the District, and his damages.

- Principal David Duwe.  Mr. Duwe is expected to testify in person.  He is expected to testify regarding Plaintiff's employment at North Middle School, his interactions with Plaintiff, and the circumstances of the end of Plaintiff's employment at North Middle School, including the restructuring of the social studies department and the individual(s) hired for Plaintiff's position.

- Katrina Smith.  Ms. Smith is expected to testify in person.  Ms. Smith is expected to testify to all aspects of Plaintiff's claims, including his employment with Aurora Public Schools, his employment at North Middle School, the circumstances surrounding the end of his

employment at North Middle School, his attempts to find a mutual consent position within Aurora Public Schools, his position at Aurora Hills Middle School, and the circumstances surrounding the end of his employment at Aurora Public Schools.

(2)     witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)):

- Marcella Garcia.  Ms. Garcia may be called to testify in person.  Ms. Garcia is expected to testify to the circumstances of Plaintiff's employment at Aurora Hills Middle School, her interactions with Plaintiff, and the circumstances surrounding the end of Plaintiff's employment at Aurora Hills Middle School.

- Bruce Wilcox.  Mr. Wilcox may be called to testify in person.  Mr. Wilcox is expected to testify to the circumstances of Plaintiff's employment with the District, and the end of Plaintiff's employment with the District.

(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

None

**<u>DEFENDANT:</u>**

(1)     witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

(a) Brian Duwe.  Mr. Duwe is the Principal at North Middle School.  He

will testify as to the decision to require eligibility for the ELA
endorsement; the reorganization of the Social Studies Department;
the displacement of Plaintiff; his communications with Plaintiff
regarding the displacement; and the persons hired into the Social
Studies Department as a result of the displacement.

(b) David Trujillo.  Mr. Trujillo is expected to testify regarding his
communications with Principal Duwe; his experience at Aurora Hills
Middle School; his search for mutual consent positions and any other
matters consistent with his deposition testimony.

(2)    witnesses who may be present at trial if the need arises (see Fed. R.
Civ. P. 26(a)(3)(A)):

(a) Katrina Smith.  Ms. Smith is a Human Resources Director for the
School District and may testify regarding the displacement of
Plaintiff and his search for a mutual consent position within the
School District.

(b) Marcella Garcia.  Ms. Garcia is the Principal for Aurora Hills Middle
School and may testify regarding the decision to not renew Plaintiff
in his one-year term placement.

(c) John Buch.  Mr. Buch is the Assistant Principal at Aurora Hills
Middle School and may testify regarding the decision to not renew
Plaintiff in his one-year term placement.

(3)    witnesses where testimony is expected to be presented by means of a
deposition and, if not taken steno graphically, a transcript of the pertinent
portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

None.

b.     List the expert witnesses to be called by each party.  List separately:

**PLAINTIFF:**

(1)     witnesses who will be present at trial (see Fed. R. Civ. P.

26(a)(3)(A));

- Jeffry B. Opp.  Mr. Opp is expected to testify in person.  Mr. Opp is expected to provide expert testimony regarding Plaintiff's economic losses, the basis for his opinion, his experience and qualifications, and the report he prepared for this matter.  Consistent with Mr. Opp's report, Mr. Opp is expected to provide opinion testimony that Plaintiff suffered $65,522 in economic losses.

(2)     witnesses who may be present at trial (see Fed. R. Civ. P.

26(a)(3)(A));

None

(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

None

**DEFENDANT:  None**

(1)     witnesses who will be present at trial (see Fed. R. Civ. P.

26(a)(3)(A));

(2)     witnesses who may be present at trial (see Fed. R. Civ. P.

26(a)(3)(A));

(3)    witnesses where testimony is expected to be presented by means of a

deposition and, if not taken steno graphically, a transcript of the pertinent

portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

## 7.  EXHIBITS

(1)    **<u>Plaintiff:</u>**  Plaintiff may seek to introduce the following exhibits:

1.  Trujillo Resume 2020

2.  20.09.03 – Job Applications

3.  20.08.07 – Complaint

4.  20.09.24 – Exhibit B

5.  20.09.24 – Exhibit C

6.  20.09.24 – Exhibit D

7.  20.09.24 – Exhibit E

8.  20.09.24 – Exhibit F

9.  20.09.24 – Respondent Position Statement

10. 20.10.07 – Exhibit A – Redacted

11. 20.12.14 – Dismissal and Notice of Rights

12. Exhibit 1 – email 4 – 9

13. Exhibit 2 – Final Effectiveness Rating 14 – 15

14. Exhibit 3 – Final Effectiveness Rating 15 – 16

15. Exhibit 4 – Final Effectiveness Rating 16 – 17

16. Exhibit 5 – Final Effectiveness Rating 17 – 18

17. Exhibit 6 – Final Effectiveness Rating 18 – 19

18. Signed Charge of Discrimination

19. 19.01.17 Calendar

20. Calendar 1-17

21. 14.10.30 – missing evaluation email – 2014

22. 19.01.17 – email 1-17

23. 19.04.02 – email 4-2

24. 19.04.08 – email 4-8

25. 19.04.09 – email 4-9

26. 20.05.05 – Employee Concern N. Ortiz

27. 20.05.05 – Employee Concern K. AR

28. 20.05.05 – Employee Concern K. Cox

29. 20.05.05 – Employee Concern S. Mason

30. 20.07.29 – Current Employment Concern N. Ortiz

31. 20.07.29 – Employee Concern – D. Smith

32. 20.07.29 – Employment concern R. Munn

33. 20.07.29 – Employment Concern S. Mason

34. 20.07.29 – employment problems email with BW

35. 20.07.29 – Employment status with APS M. Ivey

36. Email 1-17

37. Email 4-8

38. Email 4-9

39. Email 4-2

40. Employment problems email with BW 7-29-20

41. Letter 7-29-20

42. Missing evaluation email – 2014

43. 15.04.16 – Final Effectiveness Rating 14-15

44. 16.05.27 – Final Effectiveness Rating 15-16

45. 17.05.05 – Final Effectiveness Rating 16-17

46. 18.04.30 – Final Effectiveness Rating 17-18

47. 19.04.24 – Final Effectiveness Rating 18-19

48. 20.08.06 – Trujillo Licensed Contract 2019-20

49. APS Board Equity in Employment Resolution – SIGNED

50. APS Master Agreement

51. Endorsements – Kleczek, Catherine

52. 21.09.17 – Jeff Opp Rule 26

53. 21.09.17 – Trujillo Report

54. 2016 Tax Returns

55. 2017 Tax Return

56. 2018 Tax Return

57. 2019 Taxes

58. 2020 Taxes

59. 20.03.13 – Email

60. 20.04.28 – Email

61. 20.05.12 – Email

62. 20.05.13 – Email

63. 20.05.14 – Denjongpa email

64. 20.05.14 – Email

65. 20.06.01 – Email

66. 20.06.01 – Email Douglas

67. 20.07.07 – Email

68. 20.07.21 – Email

69. 20.07.21 – Email Butler

70. 20.07.31 – Email correspondence

71. 20.09.03 – Email

72. 20.09.03 – Job Applications

73. A14 Application info

74. Adams Contract 21-22

75. BSD Application info

76. DCSD Application Information

77. DPS Info

78. EPS Application Infor

79. Jeffco info

80. LPS Application info

81. Trujillo LOR JM

82. Trujillo LOR JO 2020

83. Trujillo LOR MD 2020

84. APS Applications, Resumes

85. D. Trujillo Applied 2019-20 2020-21

86. Personnel file

87. APS 00570 – Names, dates of birth, and salary

88. APS-AEA Agreement (APS0008-81)

89. District's Response to EEOC Charge (APS00082-116)

90. Applications, contracts, salary, placement, licensure, and personnel

documents (APS000117-154)

91. Communications (APS000269-283)

92. Performance evaluations and discipline records (APS00055-178)

93. Policies and index (APS000179-255)

94. Contract, benefits, and job description (APS000256-268)

95. ~~Any documents disclosed during discovery~~

96. Any exhibit disclosed by the Defendants

97. Any exhibit required solely for rebuttal or impeachment purposes

<u>Plaintiff will produce documents with specific identifiers and file an Amended Exhibit List with the court no later than May 3, 2022.  The Parties will then file a Joint Status Report no later than May 13, 2022 alerting the court if there are any issues with Plaintiff's proposed trial exhibits that arise from discovery.</u>

Defendant

See attached Exhibit A.

(3)    Other parties

b.    Copies of listed exhibits must be provided to opposing counsel and any

*pro se* party no later than 30 days before trial.  The objections contemplated

by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand

delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

None

## 10.  SETTLEMENT

Counsel for Plaintiff submitted a written offer of settlement in October 2021.  The

offer was rejected, and no counteroffer was provided.  With discovery and briefing on the Motion for Summary Judgment complete, counsel will continue to discuss the possibility of settlement, and consider ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

The Parties anticipate a 5-day jury trial.

DATED this 26th day of April, 2022.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

s/ Michael Nolt                          
Michael Nolt, Esq.
Igor Raykin, Esq.
Kishinevsky & Raykin
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
720-748-8888
igor@coloradolawteam.com
michael@coloradolawteam.com
Attorneys for Plaintiff

s/ Michael W. Schriner                    
Michael W. Schreiner
Travis J. Miller
Caplan and Earnest LLC
3107 Iris Avenue, Suite 100
Boulder, Colorado 80301
(303) 443-8010
mschreiner@celaw.com
tmiller@celaw.com
Attorneys for Defendants